# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CORINE DISMUKE, PRO SE

    Plaintiff,

vs.                                              CASE NO. 8:05-CV-340-T-17-TBM

FLORIDA BOARD OF GOVERNORS,
UNIVERSIY OF SOUTH FLORIDA
BOARD OF TRUSTEES, DR. JUDY
GENSHAFT, President, DR. TED
WILLIAMS, Associate Vice President,
DEO, DEBORAH LOVE, Associate
Vice President, DEO, RHONDA PIERCE,
Case Manager, DEO, DR. COLLEEN
KENNEDY, Dean, College of Education,
DR. CORINE FEYTON, Associate Dean,
DR. DIANE BRISCOE, Director of Student
Academic Services, DR. PAULETTE
WALKER, Director of Undergraduate
Studies & Internship, DIANNE WOOD,
Administrative Assistant, SHARON
WALDRUM, Administrative Assistant,
JAY KARP, College of Education Business
Manager, AARON GREASER, Student
Academic Services Office Manager, JAMES
LEWIS, Recruitment/Retention Manager,
HR, DAVID BAIRD, Director of Auxiliary
Services, LINDA GERLICH, Human Resources
Coordinator, SHIRLEY COLLIER, Program
Assistant, AMY McPHERRIN, Program
Assistant, TOM GINETTI, DEO Investigator,

    Defendants.
_____/

**ORDER**

CASE NO. 8:05-CV-340-T-17-TBM

This cause is before the Court on: Defendants' Motion to Dismiss, Motion For More Definite Statement and Supporting Memorandum of Law (Dkt. 48), and Plaintiff's Response thereto (Dkt. 50).

## STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must accept the facts as pleaded to be true and resolve them in light most favorable to the plaintiff. *Ancata v. Prison Health Srcs. Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). The motion to dismiss should not be granted unless it appears to a certainty, "that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Millburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

Rule 12(e) of the Fed. R. Civ. Pro. states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, complaint's statement of claim "must simply give defendant fair notice of what plaintiff's claim is and grounds upon which it rests … this liberal and simplified 'notice pleading' standard--which was adopted to focus litigation on merits of claim and which applies to all civil actions, with limited exceptions--relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims … in addition, if pleading fails to specify allegations in manner that provides sufficient notice, then defendant can move for more definite statement, under Rule 12(e) of Federal Rules of Civil Procedure, before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-515 (2002).

## DISCUSSION

CASE NO. 8:05-CV-340-T-17-TBM

### I. Motion to Dismiss

Defendants seek to dismiss the individual defendants named in the complaint on the basis that Plaintiff is filing suit against them in their official capacity.  The Eleventh Circuit discussed the issue of individual capacity suits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (as amended in 1991) in *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991), where the court stated "Individual capacity suits under Title VII are … inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."  *See Clanton v Orleans Parish School Bd.,* 649 F.2d1084, 1099 (5th Cir. 1981); *see also* 42 U.S.C. § 2000e(b) (1988) (definition of "employer"); 42 U.S.C. § 2000e-2 (1988) (violation for "employer" to discriminate); 42 U.S.C. § 2000e-5(g) (1988) (relief for violation of § 2000e-2).  "We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."  *Id*. at 772

On page 1 of Plaintiff's Exhibit in her response (Dkt. 50), Plaintiff states that "USF faculty and staff are now Public Employees."  The alleged actions by the employees may constitute a violation of Title VII, but the proper party to be named as a defendant is the University of South Florida Board of Trustees (hereinafter "USF Board of Trustees").  Plaintiff has filed suit against the individuals in their official capacity and has named the proper party, as a defendant, therefore, the inclusion of the individual employees as defendants is improper under a Title VII claim.  Since the individual defendants are dismissed from the complaint, Defendants' argument for insufficiency of service upon defendant, Deborah Love, is moot.

Defendants argue that under Fla. Stat. § 1001.72, the USF Board of Trustees is the proper defendant in Plaintiff's complaint (Dkt. 1), and the inclusion of the Florida Board of Governors, as a defendant is improper.  The pertinent part of the § 1001.72(1) states:

> Each board of trustees shall be a public body corporate by the name of "The (name of university) Board of Trustees," with all the powers of a body corporate, including the

3

> power to adopt a corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity, and to give and receive donations. In all suits against a board of trustees, service of process shall be made on the chair of the board of trustees or, in the absence of the chair, on the corporate secretary or designee.

Plaintiff incorrectly argues in her response (Dkt. 50), that state statutes have no application in this federal claim. Florida statutes govern the establishment of corporations and controls whether a corporation can be sued in court. Even though Plaintiff's claim is in federal court, Florida's state law still control issues of proper parties named in federal suits. Florida's First District Court of Appeal held that "'the Board of Regents shall be deemed to be the public employer with respect to all public employees within the State University System...' by replacing the 'Board of Regents' with the 'university board of trustees' and prescribing that the individual boards would 'be the public employer with respect to all public employees of the respective state university...'" *Fla. Pub. Emples. Council 79 v. Pub. Emples. Rels. Comm'n*, 871 So. 2d 270, 272 (Fla. 1st DCA 2004). Pursuant to Fla. Stat. § 1001.72, each public university is a separate corporate entity and the inclusion of the Florida Board of Governors as a defendant, is improper and should be dismissed from the complaint.

**II. Motion For More Definite Statement**

Defendants move for a more definite statement on the Plaintiff's complaint (Dkt. 1) arguing that Plaintiff violated Rule 12(e) of the Federal Rules of Civil Procedure. Most courts generally disfavor the use of Rule 12(e) because it is often used for delay proceedings. *Blane v. Losh*, 10 F.R.D. 273, 274 (D.C. OH 1950). "When faced with 'shotgun' complaint from which it was virtually impossible to know which allegations of fact were intended to support which claims for relief, rather than attempting to frame responsive pleading, defendants should have moved court, pursuant to Rule 12(e), to require plaintiff to file more definite statement, with each claim for relief set out with clarity and precision in separate count as required by Rule 10(b)." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996). (Plaintiff's complaint contained unnecessary factual allegations that were not material to any cause of action). The Eleventh Circuit discussed the meaning of "shotgun"

CASE NO. 8:05-CV-340-T-17-TBM

pleadings as those "replete with factual allegations that could not possibly be material to any of the causes of action they assert." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991).

Although Defendants properly move for a more definite statement pursuant to Rule 12(e), the Court finds Plaintiff's complaint (Dkt. 1) is defective and improper in violation Rule 8(a), (e)(1) and (2). Rule 8 states in pertinent parts:

> (a) Claims for Relief
>> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.
>
> (e) Pleading to be Concise and Direct; Consistency
>> (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
>> (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Plaintiff's complaint fails to meet the standards set forth in Rules 8 and 10 of the Fed. R. Civ. Pro., by discussing unnecessary evidentiary details, failing to separate her Title VII and Age Discrimination in Employment Act (ADEA) fact allegations into separate counts, and inappropriately discussing Plaintiff's opinion of judges in the Middle District. The purpose of Rule 8 "is to avoid situations wherein pleading is so verbose that court cannot identify with clarity claims of pleader and adjudicate such claims understandingly on merits." *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn 1995).

CASE NO. 8:05-CV-340-T-17-TBM

Defendants' correctly argue that they are unable to prepare an appropriate response because of the ambiguous pleading, since the Court cannot distinguish which allegations and facts are being asserted in violation Title VII of the ADEA statutes.

      The form of Plaintiff's pleadings on pages 6-9 do not meet the standards set forth in Rule 8 and 10.  Allegations of facts and claims must be separated into numbered counts.  The addition of Attachments A, B, and the EEOC Notice (Complaint, pages 10-15, 16-17, & 18) are also improper in the complaint.  Those documents should be submitted as exhibits to the complaint and not part of it.  The complaint need only contain a short and plain statement of the court's jurisdiction; a short and plain statement of the claim showing the pleaders is entitled to relief; and a demand for judgment for the relief the pleader seeks; nothing more is required.  The purpose of Rule 8 is to put the adverse party on notice of what to expect and require brevity.

      Although the Plaintiff is representing herself, Pro Se, and her "pleadings are held to less stringent standards than those drafted by an attorney, the Plaintiff is still required to meet the minimum pleading standards" set forth in the Federal Rules of Civil Procedure. *Edison v. Arenas*, 910 F.Supp. 609, 612 (M.D. Fla. 1995).  While Plaintiff's pleadings may sufficiently state a cause of action against the remaining defendant, the form and lengthy discussions are improper.  The Plaintiff must abide by the Federal Rules of Civil Procedure when pleading her case.  Accordingly, it is

CASE NO. 8:05-CV-340-T-17-TBM

**ORDERED** that the Defendants' Motion to Dismiss (Dkt. 48) be **GRANTED**. Because the Court finds Plaintiff's complaint is defective pursuant to Rule 8, Defendants' Motion For More Definite Statement is moot. Plaintiff's complaint is **DISMISSED** with leave to amend within 10 days of this order, and only as to Defendant, University of South Florida Board of Trustees, all other defendants are terminated from this cause of action.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 8th day of July, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record