UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORINE DISMUKE,

    Plaintiff,

v.                                         CASE NO. 8:05-cv-340-T-17-TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE came before the Court on the Defendant's Motion for More Definite Statement as to Amended Complaint and Supporting Memorandum of Law, filed on August 2, 2005, pursuant to Fed. R. Civ. P. 12(e). (Dkt. 60). After considering the Motion, record, and applicable law, the Defendant's Motion is **granted** for the reasons set forth below.

## BACKGROUND

The Plaintiff, proceeding *pro se*, previously filed a Complaint in this Court against the University of South Florida ("USF"), The Florida Board of Governors, and seventeen other individual Defendants, asserting claims under Title VII of the Civil Rights Act of 1991 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). The Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). This Court granted the motion to dismiss as to the individual Defendants and The Florida Board of Governors, and also granted the motion for a more definite statement, allowing the Plaintiff leave to file an Amended Complaint. Specifically, this Court instructed the Plaintiff to draft a complaint that meets the standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure. The Plaintiff subsequently filed an Amended Complaint (Dkt. 59), and the Defendant filed the instant Motion.

## DISCUSSION

The Defendant asserts that although the Plaintiff has made some adjustments to her Amended Complaint, the Plaintiff still has not drafted a complaint that meets the standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure. The Defendant also asserts that the Plaintiff's Amended Complaint suffers from the same deficiencies that were present in the original Complaint. This Court agrees that the Plaintiff's pleading fails to comply with the requirements set forth in the Federal Rules of Civil Procedure.

When a complaint contains unnecessary factual allegations that are not material to any cause of action, and where it is impossible to know which allegations of fact are intended to support which claims for relief, it is proper for the defendants to move the court, "pursuant to Rule 12(e), to require the plaintiff to file a more definite statement, with each claim for relief set out with clarity and precision in separate count as required by Rule 10(b)." *Anderson v. District Bd. of Trustees v. Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *Pelletier v. Zweiful*, 921 F.2d 1465, 1518 (11th Cir. 1991). Even where a plaintiff is representing herself, she is responsible for making herself familiar with the Federal Rules of Civil Procedure and is required to meet the minimum pleading standards set forth in the Rules. *Lopez v. IMB Corp.*, 2005 WL 1228725, at *1 (M.D. Fla. May 20, 2005); *Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995). Accordingly, a *pro se* plaintiff must follow the requirements of Rule 8, which states that "each averment of a pleading shall be simple, concise, and direct." *Fed. R. Civ. P. 8(e)(1)*. Furthermore, a *pro se* plaintiff must comply with Rule 10(b), "which requires that '[a]ll averments of a claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances....'" *Lopez*, 2005 WL 1228725, at *1.

The Plaintiff's Amended Complaint fails to meet the requirements set forth in Rules 8 and 10 of the Federal Rules by discussing unnecessary evidentiary details, writing in narrative form, and including long, detailed paragraphs which each include numerous allegations of fact. In addition, the Amended Complaint contains entire sections that are neither numbered nor lettered, rendering it impossible for the Defendant to frame a response in a simple, concise, and direct manner. Furthermore, the Plaintiff has continued to include inappropriate comments that discuss Plaintiff's opinion of judges in the Middle District and speculate about court administration. Not only are such

comments inappropriate in a pleading, but the Plaintiff has failed to follow the Court's previous instructions regarding proper pleading. As this Court has previously instructed, the form and lengthy discussions are improper, and the Plaintiff must abide by the Federal Rules of Civil Procedure when pleading her case. Accordingly, it is

**ORDERED** that the Defendant's Motion for More Definite Statement as to Amended Complaint and Supporting Memorandum of Law is hereby **GRANTED**. Plaintiff shall have ten (10) days from the date of this Order to file an amended complaint that cures the deficiencies noted. The Court warns the Plaintiff that it is imperative that she comply with the pleading requirements of the Court. The Court will consider dismissal of the Plaintiff's complaints without leave to amend at some point in this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 6th day of October 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record