UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CORINE DISMUKE,**

      **Plaintiff,**

vs.                                             **CASE NO: 8:05-CV-340-T-17-TBM**

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,**

      **Defendants.**
_____/

## ORDER ON THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      **THIS CAUSE** is before the Court on the Defendant, University of South Florida's (USF), Motion to Dismiss Plaintiff's Complaint for failure to state a claim a claim for which the Court could grant relief, filed on October 28, 2005, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 67). Also before the Court is the Defendant's Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 67), and Plaintiff's Motion to Deny Defendants' Motion to Dismiss and Supporting Memorandum Of Law & Case Law (Dkt. 68). After considering the motion, record, and applicable law, the Defendant's Motion is granted.

BACKGROUND/PROCEDURAL HISTORY

    The Plaintiff, Corine Dismuke, proceeding *pro se*, filed a complaint asserting claims under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (the ADEA). Originally, the Plaintiff sued the University of South Florida (USF), the Florida Board of Governors and seventeen (17) individuals. The Defendants moved to dismiss pursuant to Fed. R. Civ. P.12(b)(6) and moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). This Court, on July 8, 2005, granted the motions to dismiss as to the individual

CASE NO: 8:05-CV-340-T-17-TBM

defendants and the Florida Board of Governors. Additionally, the Court granted the motion for a more definite statement and gave the Plaintiff leave to file an amended complaint. Specifically, this Court instructed the Plaintiff to draft a complaint that meets the pleading standards set forth in the Federal Rules of Civil Procedure. (Dkt. 58).

Subsequently, the Plaintiff filed an Amended Complaint (Dkt. 59) and the Defendant moved for a more definite statement as to the Amended Complaint (Dkt. 60). This Court, on October 6, 2005, granted the Defendant's Motion for a More Definite Statement as to the Amended Complaint and gave the Plaintiff leave to file a second amended complaint. (Dkt. 65). This Court warned the Plaintiff that it was imperative for her to abide by the pleading requirements of the Federal Rules of Civil Procedure and to refrain from discussing unnecessary evidentiary details, writing in narrative form, and including inappropriate comments that discuss the Plaintiff's opinions of judges in the Middle District.

Thereafter, the Plaintiff filed a Second Amended Complaint (Dkt. 66) and the Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 67) The Plaintiff then filed her response, "Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Supporting Memorandum of Law and Case Law". (Dkt. 68). Plaintiff alleges that she has cured all deficiencies ordered by the Judge and "does not wish to alter ...or delete any of the information" in the Second Amended Complaint. The Defendant contends that the Plaintiff failed to state a claim for which the Court could grant relief under both Title VII and the ADEA.

STANDARD OF REVIEW

A.      Motion to Dismiss for Failure to State a Claim

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. (Fed. R. Civ. P. 12(b)(6)). Under Rule 12(b)(6), a cause of action should only be dismissed for failure to state a claim when it appears, beyond doubt, that the plaintiff will be unable to prove a set of facts in support of a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355

U.S. 41, 45-6 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Additionally, the Eleventh Circuit Court of Appeals has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Access Now Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

## DISCUSSION

A.  Plaintiff's Title VII Claim

Defendant seeks to dismiss Plaintiff's claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, asserting that Plaintiff has pled no ultimate facts which, if proven, would give rise to an inference of intentional discrimination based on race. Specifically, Defendant argues that the Plaintiff relies on unsupported conclusions of law and in so doing, has failed to give Defendant fair notice of Plaintiff's claim and the grounds supporting the claim. Moreover, Defendant alleges that the Plaintiff's complaint has failed to meet the legal standard of Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the instant case, the Plaintiff has had three previous chances to prepare a legally sufficient complaint. The Defendant asserts that although Plaintiff made some changes to the Amended Complaint, the Plaintiff failed to draft a complaint that meets the standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure. The Defendant alleges that the Plaintiff's Second Amended Complaint suffers from similar deficiencies as the two prior complaints, fails to comply with the Judge's prior orders, and combines allegations of racial discrimination with claims of age discrimination. This Court agrees with the Defendant as to

CASE NO: 8:05-CV-340-T-17-TBM

the insufficiency of Plaintiff's complaint for the reasons set forth below.

At a minimum, the Federal Rules of Civil Procedure require "a short and plaint statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley*, 355 U.S. at 57. (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff's Second Amended Complaint contains a "Statement of Facts" section which is narrative in form and consists of unnecessary evidentiary details and unsupported conclusions of law. Despite previous instruction from this Court, the Plaintiff continues to incorporate into her complaint lengthy paragraphs containing multiple allegations of facts. For example, the Plaintiff discusses allegations of both age and racial discrimination in the same paragraph. (Dkt. 66, p.6, ¶23). This Court finds that the Plaintiff's Second Amended Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and, therefore, has not allowed the Defendants to formulate an adequate response. Furthermore, the Plaintiff has continued to include inappropriate comments about this District Judge.

In the instant case, the Plaintiff is a *pro se* litigant and courts have suggested that *pro se* pleadings must be liberally construed to prevent the loss of rights due to "inartful expression." *Hugh v.* Rowe, 449 U.S. 5, 9 (1980). In *Gladstone v. Smith*, 729 So.2d 1002, 1005 (Fla. 4DCA 1999), however, the court reasoned that even though the plaintiff was a *pro se* litigant, she should not be held to a lesser standard than a reasonably competent attorney because applying a lesser standard would encourage frivolous lawsuits. Thus, the seemingly modified standard for *pro se* plaintiffs does not obviate the duty of the plaintiff to properly plead allegations in accordance with the Federal Rules of Civil Procedure. The complaint, whether filed by a licensed attorney or a *pro se* plaintiff, must set forth factual assertions that can be supported by evidence which gives rise to legal liability. This Court agrees with the Defendant that the Plaintiff's complaint has not adequately alleged factual assertions in a clear and concise manner that met the requirements for finding a violation of Title VII.

CASE NO: 8:05-CV-340-T-17-TBM

The question now becomes whether this Court should grant Plaintiff leave to amend her Second Amended Complaint and sue for racial discrimination. Although there is no magical number of amendments which are allowed, dismissal of a complaint that is before the court on a third attempt at proper pleading is generally not an abuse of discretion. *See Barrett v. City of Margate*, 743 So.2d 1160 (Fla. 4thDCA 1999); *See Gladstone v. Smith,* 729 So.2d 1002 (Fla. 4th DCA 1999). This Court previously granted Plaintiff leave to amend her pleadings on two separate occasions and attempted to provide Plaintiff with reasonable direction regarding acceptable pleading standards and how to cure the deficiencies in her complaint. In spite of this Court's warning to the Plaintiff that it would consider dismissal of the Plaintiff's complaints without leave to amend if the complaint was not edited to cure the deficiencies, the Plaintiff's pleadings never improved. Based on the Plaintiff's Second and final amended complaint being a lengthy, narrative pleading that fails to set forth a "simple, concise, and direct" statement of ultimate facts showing entitlement to relief, coupled with the Plaintiff's failure to comply with this Court's previous directives and the Federal Rules of Civil Procedure, this Court dismisses the Plaintiff's Second Amended Complaint as to Title VII with prejudice.

B.    <u>Plaintiff's ADEA Claim</u>

Defendant seeks to dismiss Plaintiff's Age Discrimination in Employment Act (ADEA) claim because it is barred by the Eleventh Amendment of the United States Constitution. Defendant argues that USF is an arm of the state and this Court lacks subject matter jurisdiction to hear Plaintiff's claim pursuant to a State's Eleventh Amendment Immunity. (Dkt. 67, pg.8). In Florida, state universities are agencies of the state and courts have specifically stated that public universities are arms of the state. *See* Fla. Stat. § 1001.705(1)(a)(4) (2002); *Boles v. Gibbons*, 694 F.Supp. 849, 850 (M.D. Fla.1998); *Walker v. Florida State University School*, No. 4:04-cv-144, 2004 U.S. Dist. Lexis 26668, at *4 (N.D.Fla. Dec. 30, 2004). Eleventh Amendment immunity "extends not only to states when named as a party to an action, but also to state agencies acting under the state's control."

5

CASE NO: 8:05-CV-340-T-17-TBM

*Walker*, 2004 U.S. Dist. Lexis 26668, at 2. Therefore, this Court finds that the Defendant, USF, is a state agency entitled to Eleventh Amendment immunity and that immunity has not been waived.

The United States Supreme Court has ruled that the ADEA does not abrogate the State's Eleventh Amendment Immunity. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 92 (2000). Because the Eleventh Amendment bars an action against a state under the ADEA, and USF is an arm of the state, this Court lacks subject matter jurisdiction to hear Plaintiff's ADEA claim. *See also Tang v. Univ. of So. Fla.*, 8:05-cv-572-T-17-MAP, 2005 WL 2334697 (M.D. Fla. Sept. 23, 2005). Therefore, Plaintiff's ADEA claim is dismissed, with prejudice.

C.   <u>Punitive Damages Claim</u>

Finally, Defendant seeks to dismiss Plaintiff's punitive damages claim as expressly barred under Title VII. Courts have repeatedly held that "Title VII plaintiffs are not entitled to recover punitive damages against state governmental agencies or officials." *Tang v. Univ. of So. Fla.*, 8:05-cv-572-T-17-MAP, 2005 WL 2334697 (M.D. Fla. Sept. 23, 2005) (quoting *Biggs v. State of Florida Board of Regents*, No. 1:96-cv-185, 1998, WL 344349 at *2 (N.D. Fla. June 11, 1998)). Since the Defendant is clearly a state agency, Plaintiff is not entitled to seek punitive damages in this case. Therefore, the Plaintiff's claim for punitive damages is dismissed, with prejudice. Accordingly, it is

CASE NO: 8:05-CV-340-T-17-TBM

**ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 67) be **GRANTED;** the Plaintiff's Second Amended Complaint be dismissed with prejudice; and the Clerk of Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 23rd day of January 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record